UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH HENDRICKSON,<br><br>           Plaintiff,<br><br>     v.<br><br>NEWEL BRANDS, INC., et al.,<br><br>           Defendants. | No.  2:23-cv-02545-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Deborah Hendrickson ("Plaintiff") seeks relief from Defendants Newell Brands, Inc., Sunbeam Products, Inc., Target Corporation, and David Baulk (collectively "Defendants") for injuries Plaintiff sustained using a blender she purchased at a Target location.  Plaintiff initiated this action in the Solano County Superior Court, and Defendants thereafter removed it here, ostensibly pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Presently before the Court are Plaintiff's Motion to Remand, ECF No. 11, and Defendants' Motion to Dismiss David Baulk, ECF No. 14.  For the following reasons, Plaintiff's Motion is DENIED, and Defendants' Motion is GRANTED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs.  E.D. Local Rule 230(g).

1

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction:  (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

## ANALYSIS

Defendants removed this action to this Court under its diversity jurisdiction on the basis that Defendant Baulk, who like Plaintiff is domiciled in California, was fraudulently

joined to destroy diversity.² A fraudulently joined party is ignored for purposes of diversity jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); see also Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 549 (9th Cir. 2018) (stating that "the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction"). There is a general presumption against fraudulent joinder, and the removing defendant has the burden to prove fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007); see Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (stating a defendant's burden to establish fraudulent joinder is a "heavy" one). "Joinder will be deemed fraudulent where the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." Amarant v. Home Depot U.S.A., No. 1:13-CV-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Id. (quoting Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996)).

According to Plaintiff's Motion to Remand, Defendant Baulk is a manager for Target who was involved in the sale of the blender to Plaintiff.³ Plaintiff seeks to hold Mr. Baulk liable for his injuries under both negligence and product liability theories.

---

² There is no dispute that the amount in controversy is met or that Plaintiff and the remaining Defendants are diverse.

³ Notably, both the original Complaint and the operative First Amended Complaint are devoid of any non-conclusory factual allegations tying David Baulk to the sale of the purportedly defective blender. Plaintiff alleges that Target and Mr. Baulk were responsible for selling the blender to the public, but there are no allegations regarding Mr. Baulk's actual role in the sale of the instant blender or how he was involved in selling it to Plaintiff.

3

1  However, Defendants argue that Plaintiff has not and cannot succeed on any claim
2  against Mr. Baulk because "no person by the name of Dave Baulk has been employed at
3  the Subject Store for at least the seven years prior to December of 2023." Defs. Opp'n,
4  ECF No. 17, at 2 (citing Decl. of Christine Clapsaddle, ECF No. 19, ¶ 3. According to
5  Defendants, they did employ an individual named David Paulk at the relevant store in
6  the early 2000s.  Clapsaddle Decl., ¶¶ 4-6.  Mr. Paulk has not worked at that store for
7  more than seventeen (17) years, however, and he is now a resident of Texas.  Id.
8  Defendants hypothesize that Plaintiff may have intended to sue Mr. Paulk instead of Mr.
9  Baulk and contend that the joinder of Mr. Paulk does not mandate remand because Mr.
10 Paulk was not involved in the sale of the blender, had no knowledge of the incident, and
11 is a diverse party in any event.

12     In her Reply, Plaintiff avers that she had no intention of suing David Paulk, so any
13 arguments directed at him are irrelevant.  As to David Baulk, Plaintiff contends there is
14 still the possibility, even if remote, that she can state a claim against him because
15 Defendants' review of Target's records could eventually prove to be incorrect.  Moreover,
16 according to Plaintiff, even if it ends up being true that David Baulk was not employed by
17 Defendants, it would still not be impossible for Plaintiff to state a claim against him.
18 Plaintiff's arguments are not well taken.

19     Defendants have proffered sufficient evidence to establish that no David Baulk
20 was employed at the Subject Store during the requisite time frame.  If Mr. Baulk was not
21 employed at the store, he could not have been involved in the sale of the blender
22 underlying Plaintiff's suit, and it is thus impossible for Plaintiff to state a claim against
23 him.[4]  Given this conclusion, Plaintiff's secondary argument (i.e., that she could feasibly
24 state a claim against someone having nothing to do with her purchase of the blender)
25 makes no sense and the Court rejects it outright.  Accordingly, the Court concludes that

---

[4] Were the Court to accept Plaintiff's arguments to the contrary, any future plaintiff could name any random individual to avoid removal because even if a defendant could show it had not employed such an individual, the plaintiff could always argue without evidentiary basis that the defendant's record search might be incorrect.  If the instant record is not sufficient to prove a negative, no record would ever be adequate to do so.

4

Mr. Baulk was fraudulently joined, and his residency shall be disregarded for purposes of evaluating this Court's jurisdiction. Plaintiff's Motion is thus DENIED. Finally, given the dearth of allegations with regard to Mr. Baulk in the Complaint and the FAC, Defendants' Motion to Dismiss is GRANTED without leave to amend.[5]

## CONCLUSION

For the reasons just stated, Plaintiff's Motion to Remand (ECF No. 11) is DENIED, and Defendant's Motion to Dismiss David Baulk (ECF No. 14) is GRANTED without leave to amend. The Clerk of the Court is directed to terminate Defendant David Baulk from the docket, and this case shall proceed on Plaintiff's remaining claims.

IT IS SO ORDERED.

Dated: January 17, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Having determined it would be impossible to state a claim against a person who was not employed by Defendants, leave to amend would be futile.