JENNIFER L. REDIEHS (SBN 349557)
   jrediehs@goldbergsegalla.com
JOSEPH R. CORIATY (SBN 291682)
   jcoriaty@goldbergsegalla.com
GOLDBERG SEGALLA LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017-5818
**Mailing Address:**
P.O. Box 17220
Los Angeles, CA 90017
Telephone:   213-415-7200
Facsimile:    213-415-7299

Attorneys for Defendants NEWELL BRANDS, INC.; SUNBEAM PRODUCTS, INC.; and TARGET CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| DEBORAH HENDRICKSON,<br><br>Plaintiff,<br><br>v.<br><br>NEWELL BRANDS, INC.; SUNBEAM PRODUCTS, INC.; TARGET CORPORATION; DAVE BAULK; and DOES 1-100, inclusive<br><br>Defendants. | Case No.: 2:23-cv-02545-MCE-CKD<br>Judge: Hon. Morrison C. England, Jr.<br>Crtrm: 7<br><br>**AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>FAC Filed: 11/21/2023<br>Trial Date: N/A |

## AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or

of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, pursuant to Local Rule 141.1 and for good cause shown, the Court hereby ORDERS as follows:

## Designation of Confidential Information

1. Designation of Material. Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. Subsequent Designation. Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may, thirty (30) days thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. Designation of Depositions. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an

examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

4. Modification of Designation. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation, The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential Information

5. General Access. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed, a letter in the form of Exhibit A.

  (c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

  (d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a parry's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

6. No Copies/Notes. Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

7. Disputes over Access. If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

<u>Use of Confidential Information</u>

8. Use in this Litigation Only. Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. Use at Depositions. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude

from attendance at the deposition, during the time the Confidential information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

10. Use at Court Hearings and Trial. Subject to the Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. Filing Under Seal. Each document filed with the Court that contains any Confidential Information shall be filed under seal pursuant to Local Rule 141. Any such document shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action; a general description or title of the contents of the envelope; a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court; and pursuant to all other requirements enumerated in Local Rule 141(b). Copies of such documents served on counsel for other parties shall be marked as Confidential.

12. Reasonable Precautions. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13. Not an Admission. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to

any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

14. Miscellaneous. This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

Copies furnished to counsel of record.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Dated: July 29, 2024

*/s/ Omid Khorshidi*

By: OMID KHORSHIDI
KHORSHIDI LAW FIRM, APC
Attorneys for Plaintiff DEBORAH HENDRICKSON

Dated: September 13, 2024

*/s/ Jennifer L. Rediehs*

By: JENNIFER L. REDIEHS
JOSEPH R. CORIATY
GOLDBERG SEGALLA LLP
Attorneys for Defendant NEWELL BRANDS, INC.; SUNBEAM PRODUCTS, INC.; TARGET CORPORATION

1  The Court, having reviewed the information contained in the Agreed Confidentiality Stipulation and Protective Order completed and filed jointly by the Parties to this action pursuant to Local Rule 141.1 and for good cause shown, hereby ADOPTS the Parties' the Agreed Confidentiality Stipulation and Protective Order and MAKES IT THE ORDER OF THE COURT.

Dated:  October 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017
213-415-7200

-7-
AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER
2:23-cv-02545-MCE-CKD

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case, *Deborah Hendrickson v. Newell Brands, Inc., et al.*, United States District Court, Eastern District Case No.: 2:23-cv-02545-MCE-CKD.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2024.

_____
Name

_____
Address

_____
Employer

_____
Job Title

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA 90017
213-415-7200

Case No. 2:23-cv-02545-MCE-CKD

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 2600 Michelson Drive, Suite 900, Irvine, CA  92612.

On September 13, 2024, I served the following document(s) described as **AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Omid Khorshidi<br>Jamil Kassimali<br>KHORSHIDI LAW FIRM, APC<br>8822 w. Olympic Blvd.<br>Beverly Hills, CA 90211<br>Tel: (310) 273-2211<br>Fax: (310) 273-2240<br>omid@khorshidilaw.com<br>jamil@khorshidilaw.com<br>ariana@khorshidilaw.com | ***Counsel for Plaintiff***<br>DEBORAH HENDRICKSON |

[X]   **BY ELECTRONIC SERVICE:**  I electronically served the attached documents(s) on each party or other person that is required to be served and accept service of documents electronically pursuant to Code of Civil Procedure section 1010.6(4).

[X]   **BY COURT'S CM/ECF SYSTEM:**  Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the United States of America and the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court whose direction the service was made.

Executed on September 13, 2024, at Irvine, California.

 */s/ Roxanne Koffman*
  Roxanne Koffman